1  XAVIER BECERRA
   Attorney General of California
2  SUSAN S. FIERING, State Bar No. 121621
   Supervising Deputy Attorney General
3  ROSE B. FUA, State Bar No. 119757
   HEATHER C. LESLIE, State Bar No. 305095
4  Deputy Attorneys General
   1515 Clay Street, 20th Floor
5  P.O. Box 70550
   Oakland, CA 94612-0550
6  Telephone: (510) 879-0190
   Fax: (510) 622-2270
7  E-mail: Rose.Fua@doj.ca.gov
   *Attorneys for California Department of Toxic*
8  *Substances Control*

9

                    IN THE UNITED STATES DISTRICT COURT
10
                    FOR THE EASTERN DISTRICT OF CALIFORNIA
11

12

13

14 | **CALIFORNIA DEPARTMENT OF**
   | **TOXIC SUBSTANCES CONTROL,**
15 |
   |                                    Plaintiff,    **[PROPOSED] CONSENT DECREE**
16 |
   |            v.
17 |
   | **APS WEST COAST, INC. dba**
18 | **AMPORTS, a California corporation**
   | **(formerly known as "BENICIA**
19 | **INDUSTRIES, INC.")**
   |
20 |                                    Defendant.
21

22

23                              **INTRODUCTION**

24       Plaintiff, the Department of Toxic Substances Control ("DTSC"), filed its Complaint for

25  Recovery of Response Costs and Declaratory Relief ("Complaint") on March 14, 2018 in the

26  United States District Court for the Eastern District of California (the "Court"), pursuant to the

27  Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42

28  U.S.C. §§ 9601 et seq.. This Consent Decree embodies the settlement reached between DTSC and

                                          1

1  the Defendant, APS West Coast, Inc. dba AMPORTS, a California corporation (AMPORTS)

2  (formerly known as "Benicia Industries, Inc.").

3      The Court, after review of the proposed settlement and consent decree and with the consent

4  of DTSC and the Defendant, hereby ORDERS, ADJUDGES, and DECREES as follows:

5      1.  **DEFINITIONS**

6      1.1  All terms used in this Consent Decree that are defined in section 101 of CERCLA, 42

7  U.S.C. § 9601, shall have the same meaning as set forth in that section.

8      1.2  "Defendant" shall mean APS West Coast, Inc. dba AMPORTS, a California

9  corporation (formerly known as "Benicia Industries, Inc.").

10     1.3  "DTSC" shall mean DTSC, its predecessors including, but not limited to the Toxic

11  Substances Control Program of the State of California Department of Health Services, and its

12  successors.

13     1.4  "Effective Date" is the day on which this Consent Decree is entered as an order of the

14  Court.

15     1.5  "Matters Addressed" by this Consent Decree are defined as any and all civil liability

16  for reimbursement of all or any portion of Response Costs, past or future, incurred or to be

17  incurred by DTSC, or by any other entity that is not party to this Consent Decree, declaratory

18  relief, injunctive relief, or any other relief under CERCLA, the Carpenter-Presley-Tanner

19  Hazardous Substance Account Act, California Health & Safety Code sections 25300 et seq., or

20  any other statute, regulation or common law theory for Response Costs and/or response actions,

21  with regard to releases or threatened releases of hazardous substances occurring at, in, or from the

22  Site prior to the signature of this Consent Decree by the Defendant.  Matters Addressed does not

23  include any matters identified in Section 9, Reservation of Rights, of this Consent Decree.

24     1.6  "Response Costs" shall include all costs of "removal", "remedial action", or

25  "response," incurred or to be incurred by DTSC, or by any third person or entity not a party to

26  this Consent Decree that incurred costs pursuant to state administrative orders related to this Site,

27  in response to the release or threatened release of hazardous substances at, in, or from the Site.

28  Said term shall include, but not be limited to, direct labor costs; contractor, consultant and expert

2

1    costs; travel and any other out-of-pocket expenses; the costs of identifying, developing evidence

2    against, and pursuing claims against persons or entities, alleged to be liable for the release or

3    threatened release of hazardous substances at, in, or from the Site; applicable interest charges;

4    attorney's fees; indirect costs; and oversight costs.

5         1.7    "Site" means the properties known as 711 and 750 Jackson Street, Benicia, Solano

6    County, California (identified by Assessor's Parcel number 0080-14-0440) and 938, 940, 942,

7    945, 946, 952, and 954 Tyler Street; 963, 965, 967, 969, 971, 973, 977, 979, 981, 983, 985, 989,

8    and 991 Lincoln Street; and 900 and 954 Jackson Street, Benicia, Solano County, California

9    (identified by Assessor's Parcel numbers 0080-28-0010, 0080-28-0030, 0080-28-0040, 0080-28-

10   0050) and all locations where hazardous substances released at, in, or from those addresses may

11   come to be located in the future.

12        2.    **RECITALS**

13        2.1.   By and through its complaint, DTSC seeks to recover jointly and severally from the

14   Defendant all costs it has incurred in response to releases and/or threatened releases of hazardous

15   substances at, in, or from the Site, pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

16   DTSC also seeks a declaratory judgment that Defendant is jointly and severally liable for all

17   additional costs incurred by DTSC in response to the releases and/or threatened releases of

18   hazardous substances at, in, or from the Site pursuant to section 113(g)(2) of CERCLA, 42 U.S.C.

19   § 9613(g)(2).

20        2.2.   Each of the parties to this Consent Decree represents and acknowledges that, in

21   deciding whether to enter into this Consent Decree, it has not relied on any statement of fact,

22   statement of opinion, or representation, express or implied, made by any other party to this

23   Consent Decree.  Each of the parties to this Consent Decree has investigated the subject matter of

24   this Consent Decree to the extent necessary to make a rational and informed decision to execute it

25   and has had the opportunity to consult independent counsel.

26        2.3.   DTSC and the Defendant agree that settlement without further litigation and without

27   the admission or adjudication of any issue of fact or law is the most appropriate means of

28   resolving this action.  This Consent Decree was negotiated and executed by DTSC and the

1   Defendant in good faith to avoid prolonged and complicated litigation.  DTSC, moreover, has

2   negotiated and executed this Consent Decree to further the public interest and to protect human

3   health and the environment.

4         3.   **JURISDICTION**

5         This Court has jurisdiction over DTSC's federal law claims, which arise under

6   CERCLA, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b).  This Court has personal

7   jurisdiction over each of the parties to this Consent Decree.  Venue is proper in the Eastern

8   District of California pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. § 9613(b).  This Court,

9   further, has the authority to enter this Consent Decree as a consent decree of the Court.

10         4.   **SETTLEMENT OF DISPUTED CLAIMS**

11         4.1   This Consent Decree represents a fair, reasonable, equitable, and good faith

12   settlement of the matters addressed herein.

13         4.2   For the purposes of this Consent Decree, the Defendant admit none of the allegations

14   of the Complaint.  Nothing in this Consent Decree shall be construed as an admission of any issue

15   of law or fact or of any violation of law.  Notwithstanding the foregoing, the Defendant

16   acknowledges its responsibility pursuant to this Consent Decree and shall not deny such

17   responsibility in any proceeding brought by DTSC to enforce this Consent Decree.

18         4.3   Except as set forth in Section 10, Covenant Not to Sue by Defendant, of this Consent

19   Decree, nothing in this Consent Decree shall prejudice, waive, or impair any right, remedy, or

20   defense that the Defendant may have in any other or further legal proceeding.

21         5.   **PAYMENTS BY THE DEFENDANT**

22         5.1   Upon the Effective date, Defendant shall owe DTSC a total of $79,419.  Within thirty

23   calendar days of the Effective Date, Defendant shall pay this amount to DTSC as described in

24   Section 5.2.  If payment is not received within thirty calendar days of the Effective Date, interest

25   shall accrue at the rate specified for interest on investments of the Hazardous Substance

26   Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code,

27   commencing on the day after payment is due and accruing through the date of payment.

28

5.2    The payments described in Section 5.1 will be made by electronic fund transfer.

Copies of all payments or notices of electronic payments shall be sent to:

> Charlie Ridenour
> Branch Chief, Cleanup Program – Sacramento Office
> Department of Toxic Substances Control
> 8800 Cal Center Drive
> Sacramento, CA 95826
> Charlie.Ridenour@dtsc.ca.gov
>
> Rose B. Fua
> Deputy Attorney General
> California Department of Justice
> 1515 Clay Street, 20th Floor
> P.O. Box 70550
> Oakland, CA 94612-0550
> Rose.Fua@doj.ca.gov

6.    **ACCESS AGREEMENT**

DTSC and its authorized representatives, including, but not limited to its contractors and employees, who will be conducting the investigation and remediation of the Site, shall have the authority to enter and move freely about all property at the Site at all reasonable times with a minimum of three-days notice for the purposes of planning, implementing, and evaluating response and remedial actions.

7.    **LAND USE COVENANTS**

If the Remedial Action Plan ("RAP") or other decision document indicates that the Property will not be remediated to a level allowing unrestricted use, then restrictions in the form of a Land Use Covenant ("LUC") approved by DTSC for the Property shall be required.  AMPORTS shall sign and record in the appropriate recorders' office the LUC within 60 days of DTSC's approval of the final RAP or decision document with a copy of the recording provided by AMPORTS to DTSC.

8.    **COVENANT NOT TO SUE BY DTSC**

Except as specifically provided for in Section 9, Reservation of Rights, below, and except as may be necessary to enforce the terms of this Consent Decree, as of the Effective Date, DTSC covenants not to sue the Defendant for the Matters Addressed by this Consent Decree. The covenant not to sue set forth in this section does not pertain to any matters other than those expressly specified in Matters Addressed in Section 1.5 above.  This covenant not to sue is

5

1  conditioned upon the satisfactory performance by Defendant of its obligations under this Consent

2  Decree.

3        9.  **RESERVATION OF RIGHTS**

4        9.1  The Covenant Not to Sue set forth in Section 8, Covenant Not to Sue by DTSC,

5  above does not pertain to any matters other than those expressly specified therein.  DTSC

6  reserves, and this Consent Decree is without prejudice to all rights and claims of DTSC against

7  the Defendant and any other person with respect to all other matters, including, but not limited to,

8  the following:

9            (a)  Failure of the Defendant to meet its obligations pursuant to this Consent

10            Decree;

11            (b)  Damage to natural resources, as defined in section 101(6) of CERCLA, 42

12            U.S.C. § 9601(6), including all costs incurred by any natural resources trustees;

13            (c)  Liability resulting from the Defendant's introduction of any hazardous

14            substance, pollutant, or contaminant to the Site after the signature of this Consent

15            Decree by the Defendant;

16            (d)  Liability resulting from acts by the Defendant after the signature of this

17            Consent Decree by the Defendant that cause the exacerbation of the hazardous

18            substance conditions existing at or from the Site;

19            (e)  Liability based on the ownership or operation of the Site by the Defendant

20            when such ownership or operation commences after the signature of this Consent

21            Decree by the Defendant;

22            (f)  Liability arising from the past, present, or future disposal of hazardous

23            substances at sites or locations other than the Site; and

24            (g)  Criminal liability.

25        9.2  Except as expressly provided in this Consent Decree, nothing in this Consent Decree

26  is intended to nor shall it be construed to preclude DTSC from exercising its existing authority

27  under any law, statute, or regulation, and nothing in this Consent Decree is intended, nor shall it

28

1  be construed, to preclude any other state agency, department, board, or entity or any federal

2  entity, from exercising its authority under any law, statute, or regulation.

3      9.3    Notwithstanding any other provision in the Consent Decree, DTSC reserves the right

4  to institute proceedings in this action or in a new action against Defendant seeking any remedy

5  allowed by law, if:  conditions previously unknown to DTSC, for which Defendant is potentially

6  liable under any statute or law, are discovered at the Site after the Effective Date and these

7  conditions indicate that (1) a previously unknown hazardous substance has been or is being

8  released at the Site, there is a threat of such release into the environment, or previously unknown

9  ordnance or radiological material are discovered at the Site and (2) the response performed at the

10  Site is not protective of human health and the environment.

11      10.    **COVENANT NOT TO SUE BY THE DEFENDANT**

12      Defendant covenants not to sue, and agrees not to assert any claims or causes of action

13  against, DTSC, or its contractors, employees, or attorneys for any costs or damages the Defendant

14  might incur or for any injuries or losses the Defendant might suffer as a result of their

15  performance of the requirements of this Consent Decree.  The Defendant further covenants not to

16  sue, and agrees not to assert any claims or causes of action against, DTSC, or its contractors,

17  employees, or attorneys for any and all civil liability for reimbursement of all or any portion of

18  the Defendant's response costs, past or future, declaratory relief, injunctive relief or any other

19  relief under CERCLA, any other statute, regulation, or common law theory for reimbursement of

20  all or any portion of response costs, with regard to releases or threatened releases of hazardous

21  substances occurring at, in, or from the Site.

22      11.    **CONTINGENT ON CONSENT DECREE WITH UNITED STATES**

23      This Consent Decree is contingent and dependent on the consent decree in the case

24  California Department of Toxic Substances Control v. The United States of America, No. 2:16-

25  cv-02897-JAM-AC (E.D. Cal. 2016) being approved and entered by the Court.  If the Court does

26  not approve the consent decree in that matter, DTSC will withdraw its consent to this Consent

27  Decree and this Consent Decree shall have no legal effect.

28      12.    **EFFECT OF THE CONSENT DECREE**

1      12.1   This Consent Decree constitutes the resolution of the Defendant's alleged liability to

2  DTSC with respect to the Matters Addressed in a judicially approved settlement within the

3  meaning of section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

4      12.2   Accordingly, upon entry of this Consent Decree as a consent decree of the Court, and

5  provided that the Defendant performs all of its obligations under this Consent Decree, Defendant

6  shall be entitled, as of the date all payments in section 5.1 are satisfied, to protection against all

7  claims for contribution, pursuant to 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for the

8  Matters Addressed by this Consent Decree, to the fullest extent permitted by law.

9      12.3   Except as specifically provided in this Consent Decree, nothing in this Consent

10  Decree is intended, nor shall be construed, to waive, release, or otherwise affect any right, claim,

11  or cause of action held by any party to this Consent Decree against, or to provide a covenant not

12  to sue to, any third person not a party to this Consent Decree, or to in any way limit, restrict, or

13  impair the right of any party to this Consent Decree to assert rights, claims, causes of action, and

14  defenses against any third person not a party to this Consent Decree, including without limitation,

15  the right to seek payment, reimbursement, contribution, or indemnity from such persons for

16  obligations incurred or to be incurred, or actions taken or to be taken, under this Consent Decree.

17  Except as specifically provided in this Consent Decree, DTSC and Defendant expressly reserve

18  any rights, claims, or causes of actions they might have against any third person not a party to this

19  Consent Decree.

20      12.5   This Consent Decree is contingent and dependent on all of its terms being approved

21  and entered by the Court.  If the Court does not approve and enter this Consent Decree, DTSC

22  and the Defendant reserve all of their respective rights, remedies, and defenses.

23      12.6   This Consent Decree is not intended, nor shall it be construed, to limit or otherwise

24  affect DTSC's right to select a response action for the Site.

25      13.   **<u>NOTIFICATION</u>**

26      13.1   Notification to or communication between DTSC and the Defendant as required or

27  provided for in this Consent Decree shall be addressed as follows:

28      As to DTSC:

Charlie Ridenour
Branch Chief, Cleanup Program – Sacramento Office
Department of Toxic Substances Control
8800 Cal Center Drive
Sacramento, CA 95826

Rose B. Fua
Deputy Attorney General
California Department of Justice
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550

As to the Defendant:

APS West Coast, dba AMPORTS
c/o Jimmy Triplett
Senior Vice President, West Coast Operations
1997 Elm Road
Benicia, California 94510
jtriplett@amports.com
(707) 745-2394


13.2  Upon 10 days written notice to the other party, a party to this Consent Decree may

substitute another person for an addressee named above to receive notifications or

communications as required or provided for in this Consent Decree.

14.   **MODIFICATION OF THE CONSENT DECREE**

This Consent Decree may only be modified upon the written agreement of DTSC and the

Defendant and the approval of the Court or upon order of the Court after noticed motion by a

party to this Consent Decree.

15.   **APPLICATION OF THE CONSENT DECREE**

This Consent Decree shall apply to and be binding upon DTSC and the Defendant, and each

of their respective successors and assigns.  The provisions of this Consent Decree shall inure to

the benefit of DTSC, the Defendant, and each of their respective successors and assigns.

16.   **INTEGRATION**

9

This Consent Decree, including any exhibits and materials incorporated herein by reference, constitutes the entire agreement between DTSC and the Defendant and may not be amended or supplemented except as provided for in this Consent Decree.

### 17.   RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

### 18.   EXECUTION OF DECREE

This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

### 19.   INTERPRETATION

California law governs the interpretation and enforcement of this Consent Decree.  This Consent Decree shall be deemed to have been drafted equally and by all parties hereto.

### 20.   ATTORNEYS' FEES AND COSTS

As to each other, DTSC and the Defendant shall bear their own costs, attorneys' fees, and all other costs of litigation, except as provided in section 22, Failure to Comply with the Consent Decree.  This paragraph shall have no effect on the rights of DTSC and the Defendant to recover these fees or costs from any other party.

### 21.   FAILURE TO COMPLY WITH THE CONSENT DECREE

If DTSC must bring an action to enforce this Consent Decree, the Defendant shall reimburse DTSC for all costs of such action, including, but not limited to, attorneys' fees.

### 22.   ENTRY OF THE CONSENT DECREE

This Consent Decree shall be signed and lodged with the Court for a period of not less than thirty (30) calendar days for public notice and comment.  DTSC shall file with the Court any written comments received and DTSC's responses thereto.  DTSC may withdraw its consent to this Consent Decree if comments received during the public comment period disclose facts or considerations that DTSC believes indicate this Consent Decree is inappropriate, improper, or inadequate.  The Defendant consent to the entry of this Consent Decree without further notice.

### 23.   AUTHORITY TO ENTER

10

Each signatory to this Consent Decree certifies that he or she is fully authorized by the party he or she represents to enter into this Consent Decree, to execute it on behalf of the party represented, and legally to bind that party.

**CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL**

Dated: _____

_____
Signature

_____
Name

_____
Title

**APS WEST COAST, INC. dba AMPORTS, a California corporation (formerly known as "BENICIA INDUSTRIES, INC.")**

Dated: 27 February 2018

_____
Signature

Jimmy Triplett_____
Name
Senior Vice President, West Coast
Operations_____
Title

**APPROVED AS TO FORM:**

11

1   Dated: _____

2                                                   _____
                                                    Rose B. Fua
3                                                   Heather C. Leslie
                                                    Deputy Attorneys General
4                                                   Attorneys for the California Department of
                                                    Toxic Substance Control
5

6

7   Dated: 2/26/18                                  _____

8                                                   Dana Dean
                                                    Law Offices of Dana Dean
9                                                   283 East H Street
                                                    Benicia, CA 94510
10

11

12      **IT IS SO ORDERED.**

13

14

15

16  Dated: _____

17                                                  _____
                                                    UNITED STATES DISTRICT COURT
18                                                  JUDGE

19

20

21

22

23

24

25

26

27

28

1  Dated: 3/2/18 _____

Rose B. Fua
2                                                          Heather C. Leslie
Deputy Attorneys General
3                                                          Attorneys for the California Department of
Toxic Substance Control
4

5

6

7  Dated: _____

8                                                          Dana Dean
Law Offices of Dana Dean
9                                                          283 East H Street
Benicia, CA 94510
10

11

12  **IT IS SO ORDERED.**

13

14

15  Dated: _____

16

17                                                         UNITED STATES DISTRICT COURT
JUDGE
18

19

20

21

22

23

24

25

26

27

28

Consent Decree